IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CR-56-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GREGORY ELLIOT SNODGRASS, | ) | |
| | ) | |
| Defendant. | ) | |

On October 3, 2011, without a written plea agreement, Gregory Elliot Snodgrass ("Snodgrass") pleaded guilty to possession with the intent to distribute a quantity of cocaine base (crack). See [D.E. 1, 33, 49, 58]. On April 2, 2012, the court held Snodgrass's sentencing hearing. See [D.E. 49, 60]. At the hearing, the court adopted the undisputed facts set forth in the Presentence Investigation Report ("PSR"). See Sent. Tr. [D.E. 60] 6–7; Fed. R. Crim. P. 32(i)(3)(A)–(B). After ruling on Snodgrass's objections, the court calculated Snodgrass's total offense level to be 28, his criminal history category to be IV, and his advisory guideline range to be 110 to 137 months' imprisonment. See Sent. Tr. at 40–42. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Snodgrass to 126 months' imprisonment. See [D.E. 49, 60]. Snodgrass appealed. On February 11, 2013, the United States Court of Appeals for the Fourth Circuit affirmed Snodgrass's judgment. See United States v. Snodgrass, 509 F. App'x 244, 245 (4th Cir. 2013) (per curiam) (unpublished).

On June 17, 2015, Snodgrass moved, through counsel, for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782. See [D.E. 78]. On June 23, 2015, Snodgrass moved pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10,

and Amendment 782. See [D.E. 79]. Snodgrass's new advisory guideline range is 92 to 115 months' imprisonment, based on a total offense level of 26 and a criminal history category of IV. See Resentencing Report. Snodgrass requests a 105-month sentence. See id.; [D.E. 78].

The court has discretion to reduce Snodgrass's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, 671 F. App'x 105, 105–06 (4th Cir. 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Snodgrass's sentence, the court finds that Snodgrass engaged in serious criminal behavior. See PSR [D.E. 44] ¶¶ 6–9. Moreover, Snodgrass is a violent recidivist and has convictions for common law robbery, assault inflicting serious bodily injury, possession of drug paraphernalia, and altering serial numbers. See id. ¶¶ 13–16. Snodgrass also has performed poorly while incarcerated and has a spotty work history. See id. ¶¶ 16, 19, 32–38. Snodgrass has taken some positive steps while incarcerated on his federal sentence, but he has been sanctioned for assault without serious injury, phone abuse, engaging in a sexual act on two occasions, destroying property, and fighting. See Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Snodgrass received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a). Further reducing Snodgrass's sentence would threaten public safety in light of his serious

2

criminal conduct, serious criminal history, and serious misconduct while incarcerated. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Snodgrass's motion for reduction of sentence under Amendment 782. See, e.g., Patterson, 671 F. App'x at 105–06; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Snodgrass's motions for reduction of sentence [D.E. 78, 79].

SO ORDERED. This 25 day of April 2018.

JAMES C. DEVER III
Chief United States District Judge